UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JEAN POTEAU,                                          :     Civil Case No.:

                Plaintiff,           :
                                                  :     NOTICE OF REMOVAL
                                                  :
      -against-                             :

CALVIN D. BOWIE and SYSTEM FREIGHT INC.,  :

                                                  :
                Defendants.         :
------------------------------------------------------------------------x

# TO: THE UNITED STATES DISTRICT COURT
#      FOR THE EASTERN DISTRICT OF NEW YORK

        Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendants SYSTEM FREIGHT, INC. and CALVIN D. BOWIE respectfully remove to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Nassau, under Index Number 611174/2022. As grounds for removal, defendants, by their attorneys, London Fischer LLP, respectfully state:

        1.    Plaintiff commenced this action by purchasing an index number and filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Nassau, on or about August 23, 2022. True and correct copies of the Summons and Verified Complaint are annexed hereto as Exhibit "A." The Verified Complaint asserts causes of action by JEAN POTEAU, sounding in negligence. *See* Exhibit "A."

        2.    This is a civil action in which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

The Verified Complaint indicates that plaintiff is a citizen of the State of New York. *See* Exhibit "A", at ¶1.

3. At the time of the service of the Summons and Complaint, and all other relevant times, defendant SYSTEM FREIGHT, INC. was, and still is, a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at 7 Centre Drive, Suite 5, Jamesburg, New Jersey 08831. Defendant CALVIN D. BOWIE is a citizen of the State of New Jersey and resides at 1 Stony Hill Road, Jamesburg, New Jersey 08831.

4. Defendants interposed Answers to the Complaint on October 26, 2022. *See* Exhibit "B" (Defendants' Answers).

5. Plaintiff's Complaint contains no "*Ad Damnum*" clause to establish the amount in controversy. *See* Exhibit "A." Concurrently with the Answers to the Complaint, Defendants served discovery demands and a demand for a Bill of Particulars upon plaintiff, including a demand for an *ad damnum* pursuant to New York CPLR 3017(c). *See* Exhibit "C".

6. On or about November 30, 2022, plaintiff served a Request for Preliminary Conference and Discovery Responses, but did not set forth any *ad damnum* or otherwise claim damages in excess of $75,000. *See* Exhibit "D".

7. On December 14, 2022, Defendants notified Plaintiff of deficiencies in the responses, including the omission of the Response to Defendants CPLR 3017(c) demand. *See* Exhibit "E".

8. On January 31, 2023, The Honorable Dawn Jimenez, the assigned Judge in Supreme Court, Nassau County, issued a Preliminary Conference Order requiring, *inter* alia, that Plaintiff respond to the December 14, 2023 deficiency letter. *See* Exhibit "F".

9. By letter dated February 24, 2023, Plaintiff responded to the deficiency letter and included a statement that "[t]he plaintiff is seeking damages in the amount of one million dollars ($1,000,000) due to injuries sustained in the subject accident. *See* Exhibit "G".

10. Plaintiff's February 24, 2023 letter is the first "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Accordingly, this removal is timely, having been done within one year of the commencement of the action, and within thirty days after receipt of the plaintiff's February 24, 2023 letter. *See Moltner v. Starbucks Coffee Co.,* 624 F. 3d 34, 38 (2d Cir. 2010)(affirming denial of remand motion where removal filed within 30 days after receipt of plaintiff's *ad damnum*).

11. The documents referenced above constitute "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

12. A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

13. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Nassau, as required by 28 U.S.C. § 1446(d).

14. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendants pray that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
March 17, 2023

LONDON FISCHER LLP

By: *Matthew K. Finkelstein*
Matthew K. Finkelstein   (MF-6029)
Attorneys for Defendants
CALVIN D. BOWIE and
SYSTEM FREIGHT INC.,
59 Maiden Lane
New York, NY 10038
(212) 972-1000

TO: CANNON & ACOSTA, LLP
Attorney for Plaintiff
JEAN POTEAU
1923 New York Avenue
Huntington Station, New York 11746
(631)271-6363

{N2340667.1 }